ERICA T. LOFTIS, #259286
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
(949) 252-9400 (TELEPHONE)
(949) 252-1032 (FACSIMILE)

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>JOHN M. GUERIN AND AMY L. GUERIN,<br><br>    Debtors.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and its successors and/or assignees,<br><br>    Movant,<br><br>vs.<br><br>JOHN M. GUERIN AND AMY L. GUERIN, Debtors, and Martha G. Bronitsky, Trustee,<br><br>    Respondents. | Bankruptcy Case No. 10-47680<br><br>RS No. ETL-912<br><br>Chapter 13<br><br>**JPMORGAN CHASE BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELIEF FROM STAY**<br><br>HEARING DATE:<br>DATE: JULY 13, 2011<br>TIME: 10:30 A.M.<br>CTRM: 220 |

**TO THE HONORABLE WILLIAM J. LAFFERTY, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE** that JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and its successors and/or assignees ("JPMORGAN CHASE BANK"), hereby files this Memorandum of Points and Authorities in support of its Motion for Relief From The Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 13 case.

///

///

# I.
# INTRODUCTORY STATEMENT

JPMORGAN CHASE BANK requests the Court to grant it relief from the automatic stay because the Debtors have failed to make post-petition payments.

# II.
# STATEMENT OF FACTS

1. **The Secured Debt.** On or about January 9, 2006, JOHN M. GUERIN AND AMY L. GUERIN made and delivered a Promissory Note in the original principal amount of $401,250.00, secured by a First Priority Deed of Trust on the Property commonly known as 3544 HILLSBOROUGH DRIVE, CONCORD, CA 94520 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are post-petition due for the February 1, 2011 payment. As a result of the default, JPMORGAN CHASE BANK desires to record a Notice of Default and Election To Sell against the Property. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

3. **The Debtors' Interest In The Property.** The Debtors are the owners of record of the Property.

4. **The Filing Of The Instant Petition.** On or about July 7, 2010, JOHN M. GUERIN AND AMY L. GUERIN filed the instant Chapter 13 Petition as Case No. 10-47680.

5. **The Post-Petition Delinquency.** The Debtors have failed to make post-petition payments that have come due. The total post-petition delinquency is set forth below:

| | | | | |
|---|---|---|---|---|
| 1 | Payments at $1,922.61 = | | $ | 1,922.61 |
| 4 | Payments at $1,997.00 = | | $ | 7,988.00 |
| | Late charges at $0 = | | $ | .00 |
| | Suspense = | | $ | (28.96) |
| | **Total "Post-Petition" Balance Due:** | | **$** | **9,881.65** |

6. **The Total Indebtedness Under The Note.** The total indebtedness owed to JPMORGAN CHASE BANK, exclusive of attorneys' fees, is as follows:

| | | | |
|---|---|---|---:|
| Principal Balance: | | $ | 399,929.32 |
| Interest Accrued from February 1, 2011 to June 1, 2011 | | $ | 4,200.16 |
| Recoverable Balance: | | $ | 453.15 |
| Suspense Balance: | | $ | ( 29.14) |
| **TOTAL:** | | $ | **404,553.49** |

7. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECRETED CREDITOR | | LIEN AMOUNT |
|---|---:|---:|
| 1. JPMORGAN CHASE BANK (1st trust deed) | $ | 404,553.49 |
| 2. COLLATERAL FINANCING (2nd trust deed) | $ | 150,000.00 |
| 3. BANK OF AMERICA (3rd Trust deed) | $ | 85,000.00 |
| TOTAL | $ | 639,553.49 |

8. **The Value Of The Property.** By the Debtors' own admission, the Property has a fair market value of only $243,000.00. True and correct copies of the Debtors' Schedules A and D are attached hereto as Exhibit "4."

## III.

## THE AUTOMATIC STAY SHOULD BE TERMINATED
## BASED ON THE DEBTORS' FAILURE TO MAKE
## POST-PETITION PAYMENTS.

Ninth Circuit case law clearly sets forth the duty of a Chapter 13 Debtors to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief. In <u>In re Gavia</u>, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that the Debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for Chapter 13 relief.

In <u>In re Ellis</u>, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that is the Debtors' burden to show that no cause exists.

As set forth in the Motion herein, and in the Declaration attached hereto, the stay should be terminated immediately based on the Debtors' failure to make the regular monthly post-petition payments in the instant case. See the Declaration attached hereto.

## IV.
## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow JPMORGAN CHASE BANK to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: June 22, 2011

Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By: /s/ *Erica T. Loftis*
    ERICA T. LOFTIS
    Attorneys for Movant